WO

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Anne M. McDowell, | ) | No. CV-06-3053-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Michael J. Astrue, Commissioner Social Security Administration, | ) | |
| Defendant. | ) | |

Plaintiff applied for Social Security disability benefits in May 2003. The Social Security Administration denied the application initially and on reconsideration. After a review hearing, an administrative law judge ("ALJ") issued a decision on July 28, 2006, agreeing that plaintiff is not disabled. Finding no reason to revisit that decision, the appeals council denied a request for review. Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the ALJ's decision.

The court has before it plaintiff's motion for summary judgment (doc. 14), statement of facts (doc. 15), and supporting memorandum (doc. 19). The court also has before it defendant's cross-motion for summary judgment (doc. 21), statement of facts (doc. 22), supporting memorandum (doc. 23), and plaintiff's response (doc. 26). For the reasons below, we deny both parties' motions and remand to the Commissioner for further consideration.

**I**

Plaintiff is 60 years old and has worked most recently in education, as a teacher, administrator, writing coach, tutor, and scoring supervisor. Plaintiff alleges disability beginning May 2, 2003. She suffers from various medical conditions including fibromyalgia and, most significant to her claimed disability, migraine headaches. According to plaintiff, she first experienced migraine headaches after undergoing a mastectomy in 1983, Tr. 538, but they have occurred with greater strength and frequency in recent years, possibly in connection with leaking silicone breast implants, which were removed in 2004, Tr. 529.

Plaintiff alleges that in 2003 she was suffering migraines almost daily. Id. By the time of her administrative review hearing, medication, diet, and exercise had reduced the number of migraines to 12 to 15 a month. Tr. 529–30. Plaintiff alleges that the headaches are accompanied by nausea, loss of balance, and sensitivity to light and noise. She often lies down in the dark to get relief from the migraines, which can last several hours. Tr. 529. Plaintiff also alleges that she experiences lack of concentration and memory loss, perhaps from the combination of her headaches and the medications to treat them. Tr. 531, 534.

**II**

In this action, plaintiff specifically challenges the ALJ's determination that chronic headaches do not render her disabled. We may set aside the ALJ's decision only if it is based on legal error or is not supported by substantial evidence in the record. Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). The ALJ conducted the five-step sequential evaluation set out in 20 C.F.R. § 404.1520. If at any step in the process the claimant is found to be disabled, the inquiry ends. Plaintiff contends that the ALJ erred at steps two, four, and five.

At step two, the ALJ determines whether the claimant has a medical impairment that is "severe" under the Regulations. Plaintiff contends that the ALJ erred at step two by stating that plaintiff has "a history of migraine headaches" rather than "ongoing migraine headaches." Plaintiff's Memorandum at 3. Even if the word choice was inapt, it was not error, because the ALJ at the same step classified the migraines, along with plaintiff's other impairments, as severe and continued with the evaluation. There also was no error at step

1 five for the simple reason that the ALJ did not reach it; the ALJ determined at step four that
2 plaintiff is not disabled, which ended the inquiry. Therefore, we confine our analysis to step
3 four.

**III**

5 At step four, the ALJ assessed plaintiff's "residual functional capacity" ("RFC").
6 This assessment considers the functional limitations that result from an individual's
7 "medically determinable impairments." S.S.R. 96-8p. RFC depicts a claimant's ability to
8 carry out sustained work-related activity, 8 hours a day, 5 days a week. S.S.R. 96-8p. Here,
9 the ALJ determined that plaintiff has a medically determinable condition that could account
10 for her symptoms, Tr. 19, and proceeded to assess her limitations.

11 The Social Security regulations distinguish between "exertional" and "non-exertional"
12 limitations. See S.S.R. 96-4p. Exertional limitations are those affecting the strength
13 demands of work, such as the ability to lift objects. Non-exertional limitations include
14 mental limitations and all physical limitations that are not related to strength demands, such
15 as the ability to concentrate. Pain can result in both exertional and non-exertional limitations,
16 or a combination of both. Id. The ALJ concluded that plaintiff has an RFC without
17 exertional limitations and only with "environmental" non-exertional limitations, such as a
18 need to avoid "concentrated exposure to noise, vibration, dust, chemicals, and fumes." Tr.
19 18. Thus, the ALJ concluded that plaintiff's migraines do not result in any exertional or non-
20 exertional limitations beyond environmental restrictions.

21 Two of plaintiff's treating physician's completed medical assessment forms. Id.
22 On August 7, 2004, Dr. Stuart Hetrick reported that plaintiff has frequent headaches, back
23 pain, and cognitive problems and rated her degree of restriction as "moderate." Tr. 435–436.
24 On March 3, 2006, Dr. David Gannon also completed an assessment, characterizing
25 plaintiff's frequent headaches as a "severe" impairment that would limit her ability to
26 perform work related activities. Tr. 437–438. The ALJ accorded the treating physicians'
27 assessments "little weight"

28 Assessments by treating physicians are accorded special weight. Rodriguez v.

Bowen, 876 F.2d 759, 761 (9th Cir. 1989). One that is well-supported by medically accepted diagnostic techniques and is not inconsistent with other substantial evidence should be given *controlling* weight. S.S.R. 96-2p. Even if a treating physician's assessment is not given controlling weight, it is still entitled to deference. Id. An ALJ may reject such an assessment, but only by providing "specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence." Id. at 762.

Citing exhibits 24F and 25F, the ALJ stated that plaintiff's headaches have "clearly improved" and therefore concluded that the treating physicians' assessments were "not supported by the weight of the evidence in the record." Tr. 19. Exhibit 24F comprises medical records from February 2004 to July 2005, which do not express any clear indication of an improving condition. Tr. 346–386. Exhibit 25F comprises the treatment notes of Dr. Carol Foster from August to September, 2005. Tr. 387-390. Dr. Foster noted several times in late 2005 and early 2006 that plaintiff's condition was improving, Tr. 387, 443, 448, but it clearly persisted. In one of the most recent records, a treatment note dated March 27, 2006, Dr. Foster characterized plaintiff's condition as "chronic daily headache [with] gradual improvement." A few references to improvement in a claimant's condition is not a legitimate reason to discount the opinions of treating physicians whose conclusions are backed by extensive treatment records. See Rhodes v. Schweiker, 660 F.2d 722, 723 (9th Cir. 1981). Plaintiff's medical records over the past several years detail a great number of complaints and a battery of medications and therapies used to treat migraines and pain.

The ALJ relied on evidence of plaintiff's "fairly active lifestyle" to discount the treating physicians' assessments. Tr. 19. The ALJ noted that plaintiff is able to exercise, attend church regularly, clean her home, and prepare meals, among other things. The ALJ concluded that such "daily activities and behaviors are not consistent with the claimant's allegation of disability." Id. Daily routine can be evidence relevant to a claimant's capacity for work. 20 C.F.R. § 404.1529(c)(3). If plaintiff were alleging a different impairment, one that constantly inhibited activity, we might agree with the ALJ's use of this evidence. However, plaintiff alleges that her abilities vary greatly depending on whether she has a

headache and its severity. Tr. 119–120. Given the intermittent nature of plaintiff's alleged disability, we find that a "fairly active lifestyle" is not sufficient to contradict the treating physicians' assessments. Cf. Thomas v. Sullivan, 876 F.2d 666, 669 (8th Cir. 1989) (noting that the ability to do some routine tasks is not the same as the ability to perform substantial gainful activity).

In lieu of the treating physicians, the ALJ relied on the assessments of two non-examining state agency physicians, Tr. 20. One found only mild psychological limitations, Tr. 244–256, and the other found no exertional limitations, Tr. 273–280. It appears that these sources did not consider the intermittent effects of plaintiff's migraines. Furthermore, the conclusion of a non-examining physician is entitled to less weight than that of an examining one, and much less than that of a treating physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). The conclusions of a non-examining physician, without more, is not evidence sufficient to reject the opinion of a treating physician. Pitzer v. Sullivan, 908 F.2d 502, 506 n.4 (9th Cir. 1990).

Finally, we note the ALJ gave limited weight to the "function report" completed by plaintiff's husband, Tr. 105–113, on the basis that "Mr. McDowell is neither a medical expert nor a vocational expert." Tr. 19. But that is the very definition of third-party opinion evidence, and the regulations make such evidence relevant to the evaluation of subjective symptoms such as pain. 20 C.F.R. § 404.1529(c)(3).

In sum, the ALJ concluded that plaintiff was without any limitations, save minor environmental ones, and relied on that conclusion in posing hypothetical questions to the vocational expert, Tr. 542–543, which led to a finding of no disability at step four. In reaching a conclusion on the extent of plaintiff's limitations, the ALJ erroneously discounted the opinions of treating physicians and plaintiff's husband. We therefore remand for further proceedings and take no position on the ultimate issue of disability.

**IV**

Accordingly, **IT IS ORDERED DENYING** plaintiff's motion for summary judgment (doc. 14), **DENYING** defendant's cross-motion for summary judgment (doc. 21), and **REMANDING** the case to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further consideration in accordance with this order. The clerk is instructed to enter final judgment in this action.

DATED this 17th day of December, 2007.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge