**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anne M. McDowell,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner Social Security Administration,<br><br>    Defendant. | No. CV-06-3053-PHX-FJM<br><br>**ORDER** |

The court has before it plaintiff's application for attorney fees and costs (doc. 29), defendant's response in opposition (doc. 30), and plaintiff's reply (doc. 32).

Plaintiff brought an action in this court pursuant to 42 U.S.C. § 405(g) for judicial review of an administrative decision denying her Social Security disability benefits. In our order of December 17, 2007 (doc. 27), pursuant to sentence four of section 405(g), we reversed the Commissioner's decision and remanded for a rehearing. A Social Security claimant who secures a sentence four remand is a "prevailing party" and therefore entitled to attorney fees and costs under 28 U.S.C. § 2412(d)(1), unless the position of the United States was "substantially justified" or an award of fees would be otherwise unjust. Sampson v. Chater, 103 F.3d 918, 920 n.2 (9th Cir. 1996) (citing Shalala v. Schaefer, 509 U.S. 292, 300–02, 113 S. Ct. 2625, 2630–32 (1993).

1   Here, defendant does not contest the propriety of a fee award. The only issue is the
2 amount. We have significant discretion in determining a reasonable fee award. Gates v.
3 Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992). Plaintiff seeks $6,494.20 in fees and $250
4 in costs. Defendant does not contest the $250 in costs. Defendant also does not contest
5 plaintiff's calculation of his hourly rate, capped by statute but adjusted with a cost-of-living
6 multiplier, of $162.01 for work performed in 2006, and $168.74 for work performed in 2007
7 and 2008. See 28 U.S.C. § 2412(d)(2)(A).

8   However, defendant contends that plaintiff has claimed an excessive number of hours.
9 Plaintiff initially claimed a total of 37.85 hours, then in reply increased his request to 38.65
10 to include work on the reply brief. We agree that plaintiff's claimed hours are excessive.
11 See, e.g., Vanover v. Chater, 946 F. Supp. 744, 746 (E.D. Mo. 1996) (finding 42 hours
12 excessive for a routine Social Security action). In particular, we conclude that 20.9 hours of
13 work on the summary judgment motion and statement of facts is excessive, given the
14 relatively straight-forward nature of this case and plaintiff's extensive expertise in this kind
15 of work. See, e.g., Baker v. Bowen, 707 F. Supp. 481, 486 (D. Wyo. 1989) (finding 14.6
16 hours in preparation of a brief excessive). This action involved routine issues of medical
17 expert testimony and evaluation of the claimant's residual functional capacity. Plaintiff
18 should also not be awarded time spent drafting, and reviewing our denial of, a motion for
19 extension of page limits. Plaintiff is aware that we routinely deny such motions.

20   Exercising our discretion, we conclude that plaintiff's hours in 2007 and 2008 should
21 be reduced from 34.55 to 25. Therefore, we award fees for 4.1 hours of work in 2006 at
22 $162.01 per hour ($664.24), fees for 25 hours of work in 2007 and 2008 at $168.74
23 ($4218.50), and $250 in costs. Accordingly, **IT IS ORDERED GRANTING** plaintiff's
24 motion for fees and costs in the amount $5132.74 (doc. 29). **IT IS FURTHER ORDERED**
25 **DENYING AS MOOT** plaintiff's motion to extend time to file a reply (doc. 31).

26   DATED this 4th day of June, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 2 -