**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anne M. McDowell, | ) No. CV-06-3053-PHX-FJM |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Michael Astrue, Commissioner Social Security Administration, | ) |
| Defendant. | ) |

The court has before it plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) (doc. 34), plaintiff's amendment to motion for attorney's fees (doc. 36), and the Commissioner's response (doc. 37).

On December 20, 2006, counsel filed a complaint for judicial review of the decision of the administrative law judge finding that plaintiff is not eligible for benefits under the Social Security Act. We remanded the matter to the Commissioner for further review (doc. 27). We then granted counsel's application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), and awarded fees in the amount of $4,882.74 (doc. 33). On remand, plaintiff obtained a favorable determination and was awarded $62,795.00 in past-due benefits.

1    Plaintiff now seeks fees under 42 U.S.C. § 406(b), which provides that when a
2 claimant obtains a favorable judgment under the Social Security Act, "the court may
3 determine and allow as part of its judgment a reasonable fee for such representation, not in
4 excess of 25 percent of the total of the past-due benefits." Id. at 406(b)(1)(A).

5    Fees under § 406(b) are distinguishable from those awarded under the EAJA. Under
6 § 406(b), the "fee is payable out of, and not in addition to, the amount of the past-due
7 benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 795, 122 S. Ct. 1817, 1822 (2002) (quotation
8 omitted). In contrast, under the EAJA, a party prevailing against the United States may be
9 awarded fees payable by the government if the government's position in litigation was not
10 "substantially justified." Congress permits fee awards under both the EAJA and § 406(b),
11 "but the claimant's attorney must refund to the claimant the amount of the smaller fee." Id.
12 at 796, 122 S. Ct. at 1822 (quotation omitted). Thus, "an EAJA award offsets an award
13 under Section 406(b), so that the amount of the total past-due benefits the claimant actually
14 receives will be increased by the EAJA award up to the point the claimant receives 100
15 percent of the past-due benefits." Id.

16    Plaintiff's counsel is entitled to "a reasonable fee, not in excess of 25 percent of
17 accrued benefits." Id. at 804, 122 S. Ct. at 1826. The fee must not only be within the 25
18 percent maximum, but it must be "reasonable for the services rendered." Id. at 807, 122 S.
19 Ct. at 1828.

20    Plaintiff's counsel seeks § 406(b) fees in the amount of $5,266.01. This amount, plus
21 fees already awarded by the Commissioner under § 406(a) in the amount of $10,432.74,
22 equals 25 percent of the accrued benefits award. The Commissioner has stipulated that,
23 based on this fee request, plaintiff's counsel's effectively hourly rate is $180.96 for each hour
24 of work. We conclude that the amount requested is reasonable.

| | |
|---|---|
| 1 | Therefore, **IT IS ORDERED GRANTING** plaintiff's motion for an award of |
| 2 | attorney's fees in the amount of $5,266.01 (doc. 34). Counsel shall refund to plaintiff |
| 3 | $4,882.74, the amount previously awarded under the EAJA. |
| 4 | DATED this 10th day of September, 2009. |

*Frederick J. Martone*
Frederick J. Martone
United States District Judge